IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALREE B. SWEAT, III,

    Plaintiff,

    v.        No. CIV 15-00226-RB-SMV

CITY OF LAS CRUCES, JAIME
MONTOYA, *Police Chief*, MIRANDA
BAKER, *Officer*, PAUL LUJAN, *Officer*,
and FNU SANCHEZ, *Officer*,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons set out below, Plaintiff's Eighth Amendment claim will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally

construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that on September 12, 2012, Plaintiff's vehicle was stopped by Defendants Miranda Baker, Paul Lujan, and FNU Chavez, who are police officers employed by the Las Cruces Police Department. As a result of the traffic stop, Plaintiff was charged in the Third Judicial District of the State of New Mexico with the crime of aggravated fleeing and was incarcerated at the Doña Ana County Detention Center for approximately a week, before he was released on bond. [Doc. 1 at 7] On September 23, 2014, Plaintiff's criminal case was dismissed with prejudice. [Doc. 1 at 8] The complaint alleges that the traffic stop was pretextual in violation of Plaintiff's rights under the Fourth, Eighth, and Fourteenth Amendments and that Defendant Jaime Montoya, Chief of the Las Cruces Police Department, knew "that his officers [were] in pursuit of [Plaintiff] for a pretextual purpose" and "failed to instruct his officers to back off and allowed the pursuit to continue." [Doc. 1 at 9] The complaint further alleges that Defendant City of Las Cruces was "grossly negligent in training of police officers, in its failure to supervise police officers, and in its failure to review and discipline its officers," thus demonstrating "deliberate indifference to the constitutional rights of the Plaintiff and acquiescence . . . in serious misconduct." [Doc. 1 at 9] Plaintiff's complaint also raises the following state law claims against Defendants: false arrest, false imprisonment, malicious prosecution, excessive force, and defamation of character. [Doc. 1 at 13] Plaintiff's complaint seeks declaratory and injunctive relief, as well as compensatory and punitive damages. [Doc. 1 at 15-16]

Plaintiff's complaint fails to state a claim for a violation of the Eighth Amendment, because "[t]he Eighth Amendment's proscription against cruel and unusual punishment is only applicable following a determination of guilt after a trial or plea." *Weimer v. Schraeder*, 952 F.2d 336, 340 n.5 (10th Cir. 1991) (internal quotation marks and citation omitted). Although the due

process clause of the Fourteenth Amendment protects pretrial detainees from unconstitutional conditions of confinement to the same extent as the Eighth Amendment, Plaintiff's complaint does not allege that Plaintiff suffered unconstitutional conditions of confinement during his week-long incarceration at the Doña Ana County Detention Center.  *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) ("[T]he State does not acquire the power to punish with which the Eight Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law.  Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment") (quoting *Ingraham v. Wright*, 430 U.S. 651, 671-672 n.10 (1977)); *Lopez v. LeMaster*, 172 F.3d 756, 759 n.2 (10th Cir. 1999) ("Pretrial detainees are protected under the Due Process Clause rather than the Eighth Amendment.").  Accordingly, Plaintiff's Eighth Amendment claim will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's Eighth Amendment claim is DISMISSED;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with a copy of the complaint [Doc. 1], for Defendants Baker, Lujan, Sanchez, Montoya, and the City of Las Cruces.

*/s/ Robert Brack*

_____

UNITED STATES DISTRICT JUDGE