IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ALREE B. SWEAT III,**

    Plaintiff,

v.                                            No. 15-cv-0226 RB/SMV

**CITY OF LAS CRUCES,**
**JAIME MONTOYA, MIRANDA BAKER,**
**PAUL LUJAN, and FNU SANCHEZ,**

    Defendants.

### ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL

THIS MATTER is before the Court on Plaintiff's Second Motion for Appointment of Counsel [Doc. 27],[1] along with a Memorandum [Doc. 28], and Declaration [Doc. 29] in support, all filed on September 8, 2015 (collectively, "Motion). Plaintiff is incarcerated and proceeding pro se in this 42 U.S.C. § 1983 action. He reports that he cannot afford to hire an attorney and that the three attorneys whom he has contacted have not responded. [Doc. 27] at 1–2. He further reports that he lacks experience in the law and has had difficulty accessing legal materials concerning his case. [Doc. 27] at 1–2. Plaintiff also states that the facts and legal issues underlying his claim are complex, and that his allegations are likely meritorious. [Doc 28. at 3–5].

Nevertheless, United States District Courts lack the authority to appoint counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, a court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). In deciding whether to request voluntary assistance

---

[1] Plaintiff first moved for appointment of counsel on May, 11 2015. [Doc. 13]. The Court subsequently denied his request on May 14, 2015. [Doc. 14].

of counsel, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). Ultimately, the burden is on the plaintiff "to convince the court that there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal quotation marks omitted).

The Court is not convinced that there is sufficient merit or complexity in Plaintiff's claims to warrant requesting the voluntary assistance of counsel, despite his conclusory arguments to the contrary. Plaintiff's ability to adequately present his claims is evidenced by his Motion. Although ultimately the Court is not persuaded, Plaintiff was able to discern – and offer relevant argument on – the legal standards governing his Motion.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Second Motion for Appointment of Counsel [Doc. 27] is **DENIED** at this time;

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**