IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALREE B. SWEAT III,

    Plaintiff,

  v.                                                                                                          No. 15-cv-0226 RB/SMV

CITY OF LAS CRUCES,
JAIME MONTOYA, MIRANDA BAKER,
PAUL LUJAN, and FNU SANCHEZ,

    Defendants.

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMEND DISPOSITION

THIS MATTER is before the Court on Defendants' Motion [for] Summary Judgment Based on Qualified Immunity [Doc. 48] ("MSJ"), filed on December 31, 2015. Plaintiff responded on January 19, 2016. [Doc. 49]. Defendants replied on February 4, 2016. [Doc. 50]. Plaintiff filed a surreply without leave, and the Court does not consider it. *See* [Doc. 52]; D.N.M.LR-Civ. 7.4(b). The Honorable Robert C. Brack, United States District Judge, referred this case to me for findings and a recommended disposition. [Doc. 4]. Having considered the Complaint and Amended Answer [Docs. 1, 39], briefing,[1] and relevant law and being otherwise fully advised in the premises, I find that Defendant Police Officer Baker fails to show that she had reasonable suspicion to initiate the traffic stop in the first place. Otherwise, however, there

---

[1] Each side submitted filings that do not comply with the rules of procedure. [Docs. 41, 42, 44]. The filings are not pleadings under Fed. R. Civ. P. 7(a), nor do they comply with D.N.M.LR-Civ. 7 regarding motion practice. *See* [Docs. 41, 42, 44]. The filings appear to be Plaintiff's attempted "opposition" to Defendant's Amended Answer, [Doc. 41], Defendants' "reply and response" to the "opposition," [Doc. 42], and Plaintiff's "reply and response," [Doc. 44]. These improper filings are not material to this PF&RD.

are no disputed material facts, and Defendants are entitled to summary judgment. Accordingly, the Motion should be GRANTED IN PART and DENIED IN PART.

Specifically, the Motion should be granted to the extent that (1) Defendant Officers Baker, Lujan, and Sanchez are entitled to qualified immunity on the claims arising from the chase[2] and arrest; (2) Defendant Police Chief Montoya is entitled to summary judgment on the failure-to-intervene claim; and (3) Defendants City of Las Cruces and Las Cruces Police Department are entitled to summary judgment on the supervisory liability claims. However, the Motion should be denied with respect to (4) the claim against Defendant Officer Baker for allegedly initiating the traffic stop in the first place without reasonable suspicion in violation of the Fourth and Fourteenth Amendments.[3]

## BACKGROUND

Plaintiff's 42 U.S.C. § 1983 claims arise from events on or around September 12, 2012. [Doc. 1] at 4. Plaintiff alleges that he was lawfully operating his vehicle when Defendants Baker and Lujan, police officers with the Las Cruces Police Department ("LCPD"), began to follow him. *Id*. Eventually, Officer Baker activated the lights of her marked patrol vehicle,[4] and Plaintiff pulled to the side of the road—but only to let the officers pass him. When he realized Officers Baker and Lujan were not going to pass him, he simply drove on. *Id*. at 5.

---

[2] As a matter of convenience, I use the term "chase" to refer to the pursuit from the moment that Plaintiff failed to stop (even though he knew that Officer Baker's lights were signaling him to stop).

[3] Plaintiff's claims for lack of medical treatment under the Eighth and Fourteenth Amendments were dismissed in a Memorandum Opinion and Order by Judge Brack on August 17, 2015. [Doc. 25] at 3. Defendants' MSJ and this PF&RD address all parties and all remaining federal claims asserted in the Complaint. The myriad state-law claims, however, are not addressed by the MSJ. *See* [Doc. 48]. Thus, I do not address the state-law claims herein either.

[4] Plaintiff does not identify whether it was Officer Baker or Officer Lujan who turned on the lights, signaling for Plaintiff to stop. [Doc. 1] at 4–6. However, Officer Baker's affidavit indicates she was the one who attempted to initiate the stop. [Doc. 48-2] at 2. Plaintiff does not dispute that it was Officer Baker. *See* [Doc. 49].

Officer Sanchez, in his marked LCPD vehicle, joined Officers Baker and Lujan in pursing Plaintiff. *Id*. at 6. Officer Sanchez implemented a "PIT maneuver" (Precision Immobilization Technique). *Id*. Officer Sanchez's vehicle purposefully collided with Plaintiff's car to abruptly turn it sideways, causing Plaintiff to lose control and stop. *See id*. Plaintiff was arrested and charged with aggravated fleeing. *Id.* at 7. His state criminal trial (case number D-307-CR-201201326) ended in a hung jury, and the trial judge subsequently dismissed Plaintiff's case with prejudice. *Id*. at 8.

Plaintiff now brings this action, challenging the constitutionality of the pursuit leading to his arrest. *Id*. Specifically, he argues that **(1)** Officer Baker's motive for attempting to stop his vehicle was to check his identity (i.e., to verify that he was not Willie Yanez, for whom police were searching in order to execute a felony warrant), which Plaintiff believes was prohibited by the Fourth Amendment.[5] *Id.* at 11–12. Furthermore, he argues that **(2)** Defendant Police Chief Montoya is liable for failing to intervene and stop the allegedly unconstitutional chase. *Id.* at 9. Finally, he alleges that **(3)** Defendants City of Las Cruces and LCPD were "grossly negligent" and "deliberately indifferent" in training, supervising, reviewing, and disciplining officers. *Id.* Defendants have moved for summary judgment based on qualified immunity. [Doc. 48].

## SUMMARY JUDGMENT AND QUALIFIED IMMUNITY

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the movant meets this burden, Rule 56 requires the nonmoving party to designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v.*

---

[5] Defendants did not address Plaintiff's presumption that if Officer Baker did initiate the traffic stop solely to investigate Plaintiff's identity (i.e., to check whether he was Mr. Yanez) and for no other reason, the stop must have been unconstitutional. I am not convinced that his presumption is necessarily correct.

*Catrett*, 477 U.S. 317, 324 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on the issue. *Liberty Lobby,* 477 U.S. at 248. Facts are material only where they might affect the outcome of the suit. *Id.*

While courts "view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party, the nonmoving party must present more than a scintilla of evidence in favor of his position." *Kerber v. Qwest Grp. Life Ins. Plan*, 647 F.3d 950, 959 (10th Cir. 2011) (citation omitted). To deny a motion for summary judgment, genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Liberty Lobby*, 477 U.S. at 250.

However, where a defendant asserts qualified immunity as a defense, a court's analysis of a summary judgment motion is modified. Once a defendant asserts qualified immunity, the burden shifts to the plaintiff to demonstrate both that the defendant violated one of the plaintiff's constitutional rights and that the violated right was clearly established at the time of the violation. *Kaufman v. Higgs*, 697 F.3d 1297, 1300 (10th Cir. 2012). If the plaintiff successfully satisfies this "heavy two-part burden," the defendant must then prove that "there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law." *Gross v. Pirtle*, 245 F.3d 1151, 1156 (10th Cir. 2001) (citations omitted).

## INVESTIGATORY STOPS OF VEHICLES

To justify an investigatory stop, an "officer must have reasonable suspicion to believe that criminal activity may be afoot." *United States v. Simpson*, 609 F.3d 1140, 1146 (10th Cir. 2010) (internal quotation marks omitted). "[T]he existence of objectively reasonable suspicion

of illegal activity does not depend upon any one factor, but on the totality of the circumstances." *Id.* (internal quotation marks omitted). "[A] traffic stop is valid under the Fourth Amendment if the stop is based on an observed traffic violation or if the police officer has reasonable articulable suspicion that a traffic or equipment violation has occurred or is occurring." *United States v. Botero-Ospina*, 71 F.3d 783, 787 (10th Cir. 1995) (en banc).

Under New Mexico law, a motor vehicle with a cracked windshield may be stopped if the officer has reasonable grounds to believe that the crack in the windshield made the vehicle dangerous. *State v. Muñoz*, 1998 NMCA 140, ¶ 14, 125 N.M. 765; *see* NMSA 1978, § 66-3-846 (requiring that windshields be unobstructed); *United States v. Callarman*, 273 F.3d 1284, 1287 (10th Cir. 2001) (finding that a windshield crack about 12 inches across and 6 inches high—large enough that the officer could view it from behind the car—constituted reasonable articulable suspicion that the driver's view was obstructed in violation of Kansas law); *United States v. Alvarez-Becerra*, 33 F. App'x 403, 407 (10th Cir. 2002) (holding that a cracked windshield can support a lawful traffic stop if the officer reasonably believes that the crack makes operating the vehicle dangerous).

## ANALYSIS

Officer Baker fails to show that she had reasonable suspicion when she first attempted to initiate the traffic stop. However, there is no material dispute regarding the facts after Officer Baker attempted to pull over Plaintiff's vehicle. When Plaintiff failed to yield, there was probable cause to stop him. Accordingly, Officers Baker, Lujan, and Sanchez are entitled to qualified immunity on the claims arising from the chase and arrest. Because Plaintiff fails to

show any constitutional violation related to the chase and arrest, the other Defendants are entitled to summary judgment on the remaining federal claims.

### Initial Attempt to Stop Plaintiff's Vehicle

I find that on the record before me at this time, there is no genuine issue of *material* fact regarding Officer Baker's reason for initiating the traffic stop.[6] Officer Baker avers that she attempted to stop Plaintiff's vehicle "for having a cracked windshield." [Doc. 48-2] at 2, ¶ 6. However, based on that fact alone, Officer Baker fails to show that she is entitled to qualified immunity or to summary judgment. She does not allege that she believed the windshield was obstructed or that the vehicle might have been dangerous to operate. Nor does she allege facts from which a reasonable inference could be drawn that the vehicle could not be operated safely. Officer Baker fails to show that a cracked windshield—without *anything* more—amounts to reasonable suspicion to stop a vehicle. *See Alvarez-Becerra*, 33 F. App'x at 407 (holding that a cracked windshield can support a lawful traffic stop if the officer reasonably believes that the crack makes the vehicle dangerous).

---

[6] Plaintiff urges that Defendant Baker did not initiate the traffic stop based on a cracked windshield, and he says he can prove it with her testimony to the contrary in his criminal trial. According to Plaintiff, Officer Baker and/or other officers testified that Officer Baker attempted to pull him over *exclusively* to check his identity. *See* [Doc. 1] at 12 ("The patrol officers testified that, prior to stopping the vehicle, they had observed neither traffic [n]or equipment violations nor any suspicious activity, and . . . they made the stop and chase only to check who the driver was."); [Doc. 49] at 2 ("The contention of a cracked windshield to substantiate a traffic stop without proof is false. There was never any proof submitted during trial of a broken windshield. Officer Baker clearly testified under oath that the stop was initiated to identify the driver *and nothing more*.") (emphasis added). These contentions are included in Plaintiff's Complaint and his Response to the MSJ, which were signed under penalty of perjury. [Doc. 1] at 17; [Doc. 49] at 14. Accordingly, I treat them as affidavits under Fed. R. Civ. P. 56(c)(4). *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (a plaintiff's complaint is treated like an affidavit so long as it "alleges facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury."). Neither Defendant Baker nor any other Defendant has disputed Plaintiff's version of their trial testimony. At this point, however, the difference between Officer Baker's reason for initiating the stop and Plaintiff's reason is not material. Officer Baker fails to show that she is entitled to qualified immunity or summary judgment based on either reason.

**Plaintiff's Failure to Stop and the Subsequent Chase and Arrest**

The reason for attempting a stop in the first place notwithstanding, there is no dispute that once Officer Baker attempted to stop him, Plaintiff tried to flee. Officer Baker signaled for Plaintiff to stop, and Plaintiff understood that he was to stop his vehicle. Nevertheless, he failed to do so. [Doc. 1] at 5–6; [Doc. 48-2] at 1–2. When Plaintiff refused to stop his vehicle, Defendants had probable cause to believe he was guilty of a crime. *See* NMSA 1978, § 30-22-1(c) ("Resisting, evading or obstructing an officer consists of: . . . . willfully refusing to bring a vehicle to a stop when given a visual or audible signal to stop, whether by . . . emergency light, flashing light, siren or other signal, by a uniformed officer in an appropriately marked police vehicle[.]"). Accordingly, the Officers had probable cause to stop his vehicle. The facts are undisputed, and Plaintiff fails to show any clearly established constitutional violation arising from the chase, eventual stop, and arrest. Defendants are entitled to qualified immunity and summary judgment as a matter of law these claims.

Plaintiff's position is that he was not required to stop—even though he knew the officers wanted him to stop—because he did not feel safe. He thought the officers "were up to no good." [Doc. 1] at 5. He says he "just wanted to make it home where he would have witnesses to observe how LCPD would treat [him]." *Id.* at 6. Even assuming that this were true, it would not help Plaintiff. The standard here is whether the Defendant Officers violated Plaintiff's clearly established constitutional rights when they pursued him and ultimately arrested him. Plaintiff does not allege that Defendants had some way of knowing his subjective reasons for failing to stop. In fact, according to Plaintiff's version of events, he was quite able to—and, in fact, *twice* did—stop his vehicle prior to the PIT maneuver. Plaintiff admits that when the patrol vehicle

7

behind him activated its lights, he "pulled to the side." [Doc. 1] at 5. Plaintiff also admits that, later, he stopped at a stop sign. *Id.* at 6. These circumstances objectively indicated to the officers that Plaintiff was able to stop his vehicle. Plaintiff's subjective reasons for failing to stop are not relevant to the issue of qualified immunity under these circumstances. Taking the facts in the light most favorable to Plaintiff, no reasonable jury could find otherwise.

### Alleged Failure to Intervene and Supervisory Liability

As a matter of law, the chase, eventual stop, and arrest were completely appropriate and comported with the Constitution. Therefore, Officers Baker, Lujan, and Sanchez are entitled to qualified immunity on the claims arising from the chase and arrest. Similarly, Defendants Montoya, City of Las Cruces, and the Las Cruces Police Department are entitled to summary judgment on the related claims for failure to intervene and supervisory liability. *See Martinez v. Beggs*, 563 F.3d 1082, 1092 (10th Cir. 2009) (no supervisory liability where there is no related constitutional violation); *Vondrak v. City of Las Cruces*, 535 F.3d 1198, 1210 (10th Cir. 2008) (explaining the standard for claims for failure to intervene, which necessarily presumes an underlying constitutional violation).

### CONCLUSION

In conclusion, I respectfully recommend that Defendants' Motion [for] Summary Judgment Based on Qualified Immunity [Doc. 48] be GRANTED IN PART and DENIED IN PART. I find that Defendants are entitled to qualified immunity and judgment in their favor on the § 1983 claims arising from the moment that Plaintiff failed to stop his vehicle through the chase and arrest. However, I find that on the record as it stands today, Officer Baker fails to

show that she is entitled to qualified immunity or judgment in her favor on Plaintiff's claim for initiating the traffic stop in the first instance.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.** *See* **D.N.M.LR-Civ. 10.1. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**