**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**ALREE B. SWEAT III,**

    **Plaintiff,**

  v.                                                                                                              No. 15-cv-0226 RB/SMV

**CITY OF LAS CRUCES,**
**JAIME MONTOYA, MIRANDA BAKER,**
**PAUL LUJAN, and FNU SANCHEZ,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition ("PF&RD") [Doc. 55], issued on March 11, 2016. On reference by the undersigned [Doc. 4], the Honorable Stephan M. Vidmar, United States Magistrate Judge, recommended that the Court grant in part and deny in part Defendants' Motion [for] Summary Judgment Based on Qualified Immunity [Doc. 48] ("MSJ"). Defendants timely objected. [Doc. 58]. Plaintiff filed no objection of his own, but he did respond to Defendants' objections.[1] [Doc. 62]. The Court has considered the Complaint and Amended Answer [Docs. 1, 39], briefing,[2] relevant law, PF&RD, Defendants' objections, and Plaintiff's response to the objections, and is otherwise fully advised in the premises. On de novo review of the portions of the PF&RD to which Defendants object, the Court finds that Defendant Officer Baker fails to show that she had reasonable suspicion to initiate the traffic stop in the first place. Otherwise, however, there are no disputed material facts, and Defendants are entitled to summary judgment.

---

[1] The Rules do not provide for replies to objections. *See* Fed. R. Civ. P. 72(b)(2).
[2] Judge Vidmar found that Plaintiff and Defendants had submitted improper filings that were not relevant to his PF&RD. [Doc. 55] at 1 and at 1 n.1 (citing [Docs. 41, 42, 44, 52]). Thus, these filings are not relevant here either.

Accordingly, Defendants' Objections [Doc. 58] will be OVERRULED. The PF&RD [Doc. 55] will be ADOPTED. Defendants' MSJ will be GRANTED IN PART and DENIED IN PART, as follows: (1) Defendant Officers Baker, Lujan, and Sanchez are entitled to qualified immunity on the claims arising from the chase[3] and arrest; (2) Defendant Police Chief Montoya is entitled to summary judgment on the failure-to-intervene claim; and (3) Defendants City of Las Cruces and Las Cruces Police Department are entitled to summary judgment on the supervisory liability claims. However, the MSJ will be denied with respect to (4) the claim against Defendant Officer Baker for allegedly initiating the traffic stop in the first place without reasonable suspicion in violation of the Fourth and Fourteenth Amendments.[4]

**Background**

Plaintiff's 42 U.S.C. § 1983 claims arise from events on or around September 12, 2012. [Doc. 1] at 4. Plaintiff alleges that he was lawfully operating his vehicle when Defendants Baker and Lujan, police officers with the Las Cruces Police Department ("LCPD"), began to follow him. *Id*. Eventually, Officer Baker activated the lights of her marked patrol vehicle,[5] and Plaintiff pulled to the side of the road—but only to let the officers pass him. When he realized Officers Baker and Lujan were not going to pass him, he simply drove on. *Id*. at 5.

---

[3] As a matter of convenience, the Court adopts Judge Vidmar's use of the term "chase" to refer to the pursuit from the moment that Plaintiff failed to yield (even though he knew that Officer Baker's lights were signaling him to stop).

[4] Plaintiff's claims for lack of medical treatment under the Eighth and Fourteenth Amendments were dismissed in a Memorandum Opinion and Order on August 17, 2015. [Doc. 25] at 3. Defendants' MSJ, Judge Vidmar's PF&RD, and this Order address all parties and all remaining *federal* claims asserted in the Complaint. The myriad *state-law* claims, however, are not addressed by the MSJ, *see* [Doc. 48], and therefore, Judge Vidmar's PF&RD did not address them either, *see* [Doc. 55]. The state-law claims are not addressed herein.

[5] Plaintiff does not identify whether it was Officer Baker or Officer Lujan who turned on the lights, signaling for him to stop. [Doc. 1] at 4–6. However, Officer Baker's affidavit indicates she was the one who attempted to initiate the stop. [Doc. 48-2] at 2. Plaintiff does not dispute that it was Officer Baker. *See* [Doc. 49].

Officer Sanchez, in his marked LCPD vehicle, joined Officers Baker and Lujan in pursing Plaintiff. *Id*. at 6. Officer Sanchez implemented a "PIT maneuver" (Precision Immobilization Technique). *Id*. Officer Sanchez's vehicle purposefully collided with Plaintiff's car to abruptly turn it sideways, causing Plaintiff to lose control and come to a stop. *See id*. Plaintiff was arrested and charged with aggravated fleeing. *Id.* at 7. His state criminal trial (case number D-307-CR-201201326) ended in a hung jury, and the trial judge subsequently dismissed Plaintiff's case with prejudice. *Id*. at 8.

Plaintiff now brings this action, challenging the constitutionality of the pursuit leading to his arrest. *Id*. Specifically, he argues that **(1)** Officer Baker attempted to pull him over without reasonable suspicion, in violation of the Fourth Amendment.[6] *Id.* at 11–12. Furthermore, he argues that **(2)** Defendant Police Chief Montoya is liable for failing to intervene and stop the allegedly unconstitutional chase. *Id.* at 9. Finally, he alleges that **(3)** Defendants City of Las Cruces and LCPD were "grossly negligent" and "deliberately indifferent" in training, supervising, reviewing, and disciplining officers. *Id.* Defendants have moved for summary judgment based on qualified immunity. [Doc. 48].

Judge Vidmar found that Officer Baker had failed to show that she had reasonable suspicion when she first attempted to initiate the traffic stop. [Doc. 55] at 5–6. Officer Baker

---

[6] Plaintiff has a theory about Officer Baker's motive for attempting to pull him over, which he says he learned about during the testimony of officers at his criminal trial. [Doc. 1] at 12. Plaintiff believes that Officer Baker's motive was to check his identity (i.e., to verify that he was not Willie Yanez, an individual for whom police were searching in order to execute a felony warrant). Plaintiff argues that attempting to initiate a traffic stop for this reason would not constitute reasonable suspicion and, thus, would violate the Fourth Amendment. Defendants do not address this argument at all. Defendants do not argue one way or the other whether it would have been constitutional for Officer Baker to have attempted to initiate the traffic stop solely to investigate Plaintiff's identity (i.e., to check whether he was Mr. Yanez) and for no other reason. (Judge Vidmar was not convinced that Plaintiff's argument was necessarily correct, and the Court is not convinced either. However, Defendants have not raised the issue, and the Court declines to rule on the matter sua sponte.) Instead, Defendants offer a totally different reason for Officer Baker's attempt to initiate the traffic stop. Defendants argue that Officer Baker attempted to pull over Plaintiff's car for having a cracked windshield. The cracked windshield is thoroughly discussed herein.

explained that she had attempted to stop Plaintiff's vehicle "for having a cracked windshield." [Doc. 48-2] at 2.  Although on first pass, a cracked windshield may sound like reasonable suspicion, Judge Vidmar found that a cracked windshield—with no other information whatsoever—could not justify a traffic stop in New Mexico.  [Doc. 55] at 5–6.  He found that in addition to the existence of the crack, there would have to be "reasonable grounds to believe that the crack made the vehicle dangerous."  *Id.*

He further found, however, that there was no material dispute regarding the facts after Officer Baker attempted to pull over Plaintiff's vehicle.  When Plaintiff failed to yield, the Officers had probable cause to stop him.  Accordingly, Judge Vidmar found that Officers Baker, Lujan, and Sanchez were entitled to qualified immunity on the claims arising from the chase and arrest.  Finally, because Plaintiff had failed to show any constitutional violation related to the chase and arrest, Judge Vidmar recommended granting summary judgment to the other Defendants on the remaining federal claims.  *See* [Doc. 55].

Plaintiff filed no objections.  Defendants object solely to Judge Vidmar's recommendation to deny summary judgment on the claim against Officer Baker for attempting to initiate a traffic stop in the first place.  [Doc. 58].

## **Standard of Review for Objections to Magistrate Judge's PF&RD**

A district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which is objection is made."  28 U.S.C. § 636(b)(1). "[O]bjections to the magistrate judge's report must be both timely and specific to preserve an issue for de novo review by the district court[.]"  *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Moreover, "theories raised for the first time in

4

objections to the magistrate judge's report are deemed waived." *United States v. Garfinkle*, 261 F.3d 1030, 1030–31 (10th Cir. 2001).

## Discussion

The Court is not persuaded by Defendants' objections. On de novo review of the portions of the PF&RD to which Defendants objected, the Court first finds that Judge Vidmar applied the proper burden-shifting standard to the MSJ. Second, the Court finds that Officer Baker's affidavit lacks sufficient evidence showing that a reasonable officer would have had reasonable suspicion to stop Plaintiff's vehicle.

### I. Judge Vidmar applied the proper legal standard.

Defendants object to the PF&RD because they assert that Judge Vidmar applied the wrong legal standard. Defendants argue that a motion for summary judgment based on qualified immunity "**imposes a burden of proof on the plaintiff**." [Doc. 58] at 3 (citing *Camuglia v. City of Albuquerque*, 448 F.3d 1214, 1218 (10th Cir. 2006)). Specifically, Defendants take issue with Judge Vidmar's finding that Officer Baker had the burden to show that she had reasonable suspicion to initiate the stop in the first place. [Doc. 58] at 5. They urge that "[i]t was not for Officer Baker to show or allege *anything* under th[e proper] standard. Yet that is the weight that Judge Vidmar has elected that she carry." *Id.* (emphasis added). On de novo review, the Court finds that Judge Vidmar applied the proper legal standard. The objection will be overruled.

"When the defendant has moved for summary judgment based on qualified immunity, [courts] still view the facts in the light most favorable to the non-moving party and resolve all factual disputes and reasonable inferences in its favor." *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014). "Unlike most affirmative defenses, however, the plaintiff would bear

5

the ultimate burden of persuasion at trial to overcome qualified immunity by showing a violation of clearly established federal law." *Id.* Thus, courts must grant summary judgment based on qualified immunity unless the plaintiff can show (1) a reasonable jury could find facts supporting a violation of a constitutional right, which (2) was clearly established at the time of the defendant's conduct. *Henderson v. Glanz*, 813 F.3d 938, 952 (10th Cir. 2015) (citing *Saucier v. Katz*, 533 U.S. 194, 201–02 (2001), *overruled in part on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009) and citing *Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009) ("[T]he Supreme Court has held that qualified immunity is proper when the record plainly demonstrates no constitutional right has been violated, or that the allegations do not offend clearly established law.")). "We may, at our discretion, consider the two parts of this test in the sequence we deem best 'in light of the circumstances in the particular case at hand.'" *Bowling*, 584 F.3d 956, 964 (10th Cir. 2009) (quoting *Pearson*, 555 U.S. at 236). If a "plaintiff successfully carries his two-part burden," the "defendant bears the burden, as an ordinary movant for summary judgment, of showing no material issues of fact remain that would defeat the claim of qualified immunity." *Henderson*, 813 F.3d at 952; *Mick v. Brewer*, 76 F.3d 1127, 1134 (10th Cir. 1996).

To summarize, when a defendant raises the defense of qualified immunity, the plaintiff has the initial two-part burden to show that (1) a reasonable jury could find facts supporting a violation of a constitutional right, which (2) was clearly established at the time of the defendant's conduct. After the plaintiff makes such a showing, the burden shifts to the defendant, who, as the movant for summary judgment, bears the burden of showing no material issues of fact remain that would defeat the claim of qualified immunity. *Henderson*, 813 F.3d at 952. That is, the

defendant has the burden to show that the material facts are not in dispute. Further, the defendant has the burden to go on to show that those undisputed facts entitle her to judgment as a matter of law. *See id.*

Although Defendants' argument is not entirely clear, their position seems to be that Plaintiff cannot meet his initial two-part burden because his "arguments lack such cogency that . . . Defendants and Judge Vidmar are left guessing which [F]ourth [A]mendment violation that Plaintiff is asserting, namely pretextual stop or lack of reasonable suspicion." [Doc. 58] at 4–5. The Court disagrees.

In the Complaint, Plaintiff alleges that Officer Baker lacked reasonable suspicion to stop his car. [Doc. 1] at 12. Even liberally construing the Complaint, Plaintiff does not allege any claim related to a pretextual stop. The word "pretextual" appears in the Complaint only once.[7] Otherwise, there is no mention of "pretext." The Court fails to see how any pretextual stop argument could be reasonably inferred from the Complaint.

Moreover, the Court finds that Plaintiff has met his initial two-part burden to show that (1) a reasonable jury could find facts supporting a violation of a constitutional right, which (2) was clearly established at the time of the defendant's conduct. First, in his verified Complaint,[8] Plaintiff alleged that "prior to stopping the vehicle, [the officers] had observed neither traffic [n]or equipment violations nor any suspicious activity[.]" [Doc. 1] at 12. Second, there can be no straight-faced dispute that at the time of the underlying incident, it was clearly established that

---

[7] In describing his claim for supervisory liability against Defendant Police Chief Montoya, Plaintiff alleges that Montoya "did know that his officers were in pursuit of [Plaintiff] for a pretextual purpose." [Doc. 1] at 9.

[8] Because the Complaint was signed under penalty of perjury, the Court treats it as an affidavit under Fed. R. Civ. P. 56(c)(4). *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (a plaintiff's complaint is treated like an affidavit so long as it "alleges facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury.").

an officer must have reasonable suspicion before initiating a traffic stop.  *E.g., United States v. Cortez*, 449 U.S. 411, 417 (1981) (applying the Fourth Amendment).

Defendants emphasize their position that once they raised the defense of qualified immunity, Plaintiff then had the "**burden of proof**."  [Doc. 58] at 3.  To the extent Defendants argue that Plaintiff was required to marshal all of the evidence that he would need at trial and present it in response to the motion for qualified immunity, the Court does not agree.  Plaintiff was required to present evidence on which a reasonable jury could rely tending to show that Officer Baker attempted to stop him without reasonable suspicion.  His verified Complaint—averring that "prior to stopping the vehicle, [the officers] had observed neither traffic [n]or equipment violations nor any suspicious activity"—suffices.  *Cf. Martin v. Duffie*, 463 F.2d 464, 469 (10th Cir. 1972) (holding that in the context of a claim for false arrest, the plaintiff's burden was satisfied by showing a warrantless arrest; the defendant then bore the burden of showing probable cause, and the plaintiff did not have to show an absence of probable cause).

Because Plaintiff met his initial two-part burden, the burden shifted to Officer Baker—as the movant—to show no material issues of fact remained and that based on the undisputed facts, she was entitled to summary judgment.  As discussed below, she did not meet that burden.  Judge Vidmar applied the proper standard.  The objection is overruled.

II.  Officer Baker fails to show that she had reasonable suspicion to stop Plaintiff's car.

Next, Defendants object because they believe that seeing a cracked windshield—and nothing more—was enough to amount to reasonable suspicion to stop Plaintiff's vehicle.[9]

---

[9] Plaintiff urges that Defendant Baker did not initiate the traffic stop based on a cracked windshield, and he says he can prove it with her testimony to the contrary in his criminal trial.  Neither Defendant Baker nor any other Defendant has disputed Plaintiff's version of their trial testimony.  At this point, however, the difference between Officer Baker's reason for initiating the stop and Plaintiff's reason is not material.  Officer Baker fails to show that

[Doc. 58] at 5–6. They cite no authority to support this position, which is no surprise because the Tenth Circuit sees it differently.

To justify an investigatory stop, an "officer must have reasonable suspicion to believe that criminal activity may be afoot." *United States v. Simpson*, 609 F.3d 1140, 1146 (10th Cir. 2010) (internal quotation marks omitted). "[T]he existence of objectively reasonable suspicion of illegal activity does not depend upon any one factor, but on the totality of the circumstances." *Id.* (internal quotation marks omitted). "[A] traffic stop is valid under the Fourth Amendment if the stop is based on an observed traffic violation or if the police officer has reasonable articulable suspicion that a traffic or equipment violation has occurred or is occurring." *United States v. Botero-Ospina*, 71 F.3d 783, 787 (10th Cir. 1995) (en banc).

Under New Mexico law, a motor vehicle with a cracked windshield may be stopped if the officer has reasonable grounds to believe that the crack in the windshield made the vehicle unsafe to drive. *State v. Muñoz*, 1998-NMCA-140, ¶ 10–14, 125 N.M. 765 (interpreting NMSA 1978, §§ 66-3-801(A)[10] and 66-3-846(A)[11]); *United States v. Callarman*, 273 F.3d 1284, 1287

---

she is entitled to summary judgment based on either reason.

[10]

> Except as otherwise provided in this section, it is a misdemeanor for any person to drive or move or for the owner to cause or permit to be driven or moved on any highway any vehicle or combination of vehicles which is in such unsafe condition as to endanger any person or which does not contain those parts or is not at all times equipped with such lamps and other equipment in proper condition and adjustment as is required by Sections 66-3-801 through 66-3-887 NMSA 1978 or which is equipped in any manner that is in violation of those sections or for any person to do any act forbidden or fail to perform any act required under those sections.

NMSA 1978, § 66-3-801(A).

[11]

> No person shall drive any motor vehicle with any sign, poster or other nontransparent material upon or in the front windshield, windows to the

(10th Cir. 2001) (finding that a windshield crack about 12 inches across and 6 inches high—large enough that the officer could view it from behind the car—constituted reasonable articulable suspicion that the driver's view was obstructed in violation of Kansas law); *United States v. Alvarez-Becerra*, 33 F. App'x 403, 407 (10th Cir. 2002) (holding that a cracked windshield can support a lawful traffic stop in New Mexico if the officer reasonably believes that the crack makes operating the vehicle dangerous). Driving with a cracked windshield, on its own, does not violate New Mexico law. *See* §§ 66-3-801(A), 66-3-846(A), 66-3-901.

Defendants are correct that "New Mexico law plainly prohibits driving vehicles with dangerous equipment and equipment that is not functioning properly." [Doc. 58] at 5–6 (citing NMSA 1978, §§ 66-3-801(A), 66-3-901[12]). However, counsel goes on to argue that "[c]racked windshields are not properly functioning equipment and could very easily become dangerous if they are not dangerous [per se]. [Seeing] such a crack [in] the windshield required further investigation to satisfy [Officer Baker's] suspicion." [Doc. 58] at 6. They argue that "[i]t is objectively reasonable to think that Officer Baker could have been very suspicious . . . that a cracked windshield . . . could very easily pose a danger." *Id.*

---

> immediate right and left of the driver or in the rearmost window if the latter is used for driving visibility, except as provided in Section 66-3-846.1 NMSA 1978. The rearmost window is not necessary for driving visibility where outside rearview mirrors are attached to the vehicle.

NMSA 1978, § 66-3-846(A).

[12]
> No person shall drive or move on any highway any motor vehicle, trailer, semitrailer or pole trailer or any combination thereof unless the equipment upon every vehicle is in good working order and adjustment as required in the Motor Vehicle Code [66-1-1 NMSA 1978], and the vehicle is in such safe mechanical condition as not to endanger the driver or other occupant or any person upon the highway.

NMSA 1987, § 66-3-901.

The problem is that counsel's arguments are not evidence and cannot support the granting of summary judgment. *See Pinkerton v. Colo. DOT*, 563 F.3d 1052, 1061 (10th Cir. 2009). Officer Baker's affidavit—the only evidence on the matter—cannot reasonably support an inference that the crack made (or might have made) the vehicle unsafe to operate. In pertinent part, her affidavit reads:

> 5. I could not ma[k]e an identification of the individual inside [the vehicle] but did notice that the white Mustang **had a cracked windshield**.
>
> 6. I turned [my patrol vehicle] around and notified Officer Lujan that I was going to stop the vehicle **for having a cracked windshield**.
>
> 7. Once I turned [my patrol vehicle] around, I attempted to initiate a traffic stop on [Plaintiff] who was driving the white Mustang[.]

[Doc. 48-2] at 2 (emphases added). Officer Baker did not say that the crack made her suspicious that the vehicle's equipment was not (or might not be) functioning properly or safely. To be sure, the standard for reasonable suspicion is an objective one. *See Botero-Ospina*, 71 F.3d at 787 (When determining whether an officer possessed a reasonable articulable suspicion, the subjective motivations of an arresting officer are irrelevant.); *see also Whren v. United States*, 517 U.S. 806, 813(1996) (adopting an objective approach). However, Officer Baker's affidavit fails to provide enough (or *any*) detail from which a reasonable inference could be drawn that the crack was (or might have been) obstructive or that it made (or might have made) the vehicle dangerous or unsafe to drive (i.e., in violation of New Mexico law). Her affidavit contains no description of the crack, its size, or location. There is no evidence about the crack—none whatsoever. There is also no evidence about Officer Baker's assessment of the crack—none

11

whatsoever. Simply put, there are no reasonable grounds to infer that the crack made the vehicle unsafe. Based on the evidence as it stands today, a reasonable officer in Officer Baker's shoes would not have had reasonable suspicion to stop the car in the first place.

The objection will be overruled. On de novo review of the record as it currently stands, Officer Baker fails to show that she is entitled to qualified immunity or judgment in her favor on Plaintiff's claim for initiating the traffic stop in the first place.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendants' Objection[s] to Magistrate Judge's Proposed Findings and Recommend[ed] Disposition [Doc. 58] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 55] are **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion [for] Summary Judgment Based on Qualified Immunity [Doc. 48] is **GRANTED IN PART and DENIED IN PART**. Defendants are entitled to qualified immunity and judgment in their favor on the § 1983 claims arising from the moment that Plaintiff failed to yield through the chase and arrest. However, on the record as it stands today, Officer Baker fails to show that she is entitled to qualified immunity or judgment in her favor on Plaintiff's claim for initiating the traffic stop in the first place.

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK**
**United States District Judge**