**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**ALREE B. SWEAT III,**

     **Plaintiff,**

**v.**                                                                                    **No. 15-cv-0226 RB/SMV**

**CITY OF LAS CRUCES,**
**JAIME MONTOYA, MIRANDA BAKER,**
**PAUL LUJAN, and FNU SANCHEZ,**

     **Defendants.**

**ORDER REFERRING CASE TO PRO BONO PANEL**

THIS MATTER is before the Court sua sponte.  Considering the current posture of the case, the Court finds it warranted to revisit Plaintiff's previous requests for appointment of counsel.  Although the Court has no authority to appoint an attorney in this case, referral to the Court's pro bono panel is appropriate.

Plaintiff, who is incarcerated and proceeding pro se in this 42 U.S.C. § 1983 action, filed two motions for appointment of counsel at the inception of the case.  [Docs. 13, 27–29].  Of course, United States District Courts lack the authority to appoint counsel to represent indigent prisoners in § 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances, a court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  In deciding whether to request voluntary assistance of counsel, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)

(internal quotation marks omitted).   Ultimately, the burden is on the plaintiff "to convince the court that there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal quotation marks omitted).

At the time that Plaintiff originally requested appointment of counsel, the Court was not convinced that there was sufficient merit or complexity in Plaintiff's claims to warrant requesting the voluntary assistance of counsel.   Additionally, Plaintiff had been adequately presenting his claims.   Thus, the Court denied the motions.   [Docs. 14, 63].

Now, however, Defendants' Motion [for] Summary Judgment Based on Qualified Immunity has been adjudicated.   [Doc. 63].   One federal claim has survived,[1] and discovery is forthcoming.   The Court finds that under the current circumstances, referral to the Court's pro bono panel is appropriate.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that this case is **REFERRED** to the Court's pro bono panel with a request that a panel attorney consider contacting Plaintiff for possible representation.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[1] The remaining federal claim is asserted against Officer Baker for allegedly initiating the traffic stop without reasonable suspicion.   [Doc. 63] at 12.