IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ALREE B. SWEAT III,**

    **Plaintiff,**

  **v.**                                                                               **No. 15-cv-0226 RB/SMV**

**CITY OF LAS CRUCES,**
**JAIME MONTOYA, MIRANDA BAKER,**
**PAUL LUJAN, and FNU SANCHEZ,**

    **Defendants.**

## ORDER FOR DISCOVERY OF PHOTOGRAPHS

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment based on Qualified Immunity [Doc. 68] ("MSJ"), filed on May 18, 2016.[1]  Plaintiff[2] responded on May 31, 2016.  [Doc. 69].  Defendants replied on June 10, 2016.  [Doc. 70].  The Court construes Plaintiff's response as a request for limited discovery under Fed. R. Civ. P. 56(d).  The Court will GRANT the request and ORDER Defendants to produce to Plaintiff and to the Court, any and all photographs depicting the windshield as it existed on or around September 12, 2012, no later than **July 18, 2016**.

## Background

Plaintiff's 42 U.S.C. § 1983 claims arise from events on or around September 12, 2012. [Doc. 1] at 4.  Plaintiff alleges that he was lawfully operating his vehicle when Defendants Baker and Lujan, police officers with the Las Cruces Police Department ("LCPD"), began to follow

---

[1] The Honorable Robert C. Brack, United States District Judge, referred this case to me for findings and a recommended disposition.  [Doc. 4].

[2] Plaintiff is incarcerated and proceeding pro se.  His current incarceration appears to be unrelated to this action.

him. *Id*. Eventually, Officer Baker activated the lights of her marked patrol vehicle, and Plaintiff pulled to the side of the road—but only to let the officers pass him. When he realized Officers Baker and Lujan were not going to pass him, he simply drove on. *Id*. at 5. Officer Sanchez, in his marked LCPD vehicle, joined Officers Baker and Lujan in pursuing Plaintiff. *Id*. at 6. Officer Sanchez implemented a "PIT maneuver" (Precision Immobilization Technique). *Id*. Officer Sanchez's vehicle purposefully collided with Plaintiff's car to abruptly turn it sideways, causing Plaintiff to lose control and stop. *See id*. Plaintiff was arrested and charged with aggravated fleeing. *Id.* at 7. His state criminal trial (case number D-307-CR-201201326) ended in a hung jury, and the trial judge subsequently dismissed Plaintiff's case with prejudice. *Id*. at 8.

Plaintiff commenced this action on May 17, 2015, challenging the constitutionality of the pursuit leading to his arrest. *Id*. All of the federal claims have been dismissed except one: Plaintiff's claim for attempting to initiate the traffic stop in the first place. *See* [Docs. 25, 63]. Plaintiff argues that Officer Baker attempted to stop his vehicle to check his identity (i.e., to verify that he was not Willie Yanez, for whom police were searching in order to execute a felony warrant), which Plaintiff believes was prohibited by the Fourth Amendment. *Id.* at 11−12.

Now before the Court is Defendants' second MSJ based on qualified immunity. [Doc. 68]. Defendants do not deny that they were looking for Willie Yanez when Officer Baker attempted to stop Plaintiff's vehicle. *Id.* at 1–2. They do not argue one way or the other whether it would have been constitutional for Officer Baker to have attempted to initiate the traffic stop solely to investigate Plaintiff's identity (i.e., to check whether he was Mr. Yanez) and for no

other reason.[3]  However, their MSJ turns on something different.  *See id.* at 5–8.  Defendants offer a totally different reason for Officer Baker's attempt to initiate the traffic stop.  Defendants argue that Officer Baker attempted to pull over Plaintiff's car for having a cracked windshield that "obscured [her] ability to see . . . into the vehicle," which they argue amounts to reasonable suspicion.  [Doc. 68] at 5–8.  To support their contention, they have attached a second affidavit from Officer Baker as well as excerpts from her testimony at Plaintiff's underlying criminal trial.  [Docs. 68-2, 68-3].

## Standard

The defense of qualified immunity not only shields from liability governmental employees who perform discretionary functions but protects them from the burdens of trial, including discovery.  *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004). Supreme Court and Tenth Circuit precedent make clear that when governmental employees file a motion based on qualified immunity, all discovery should be stayed pending disposition of the motion.  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Jiron*, 392 F.3d at 414.  The failure to stay discovery robs the defendant of the very benefit of the qualified immunity defense.

There exists, however, a narrow exception to the discovery stay.  When a party or counsel contends that limited discovery is necessary to allow him to respond to the pending motion, he may file a Fed. R. Civ. P. 56(d) motion and affidavit.

> To invoke the shelter that rule 56(d) provides, a party must (i) file an affidavit; (ii) identify the probable facts not available, their relevance, and what steps have been taken to obtain those facts; (iii) explain why facts precluding summary judgment cannot be

---

[3] Plaintiff presumes that if Officer Baker initiated the traffic stop solely to investigate Plaintiff's identity (i.e., to check whether he was Mr. Yanez) and for no other reason, the stop must have been unconstitutional.  The Court is not convinced that his presumption is necessarily correct.  However, Defendants have not raised the issue, and the Court declines to rule on the matter sua sponte.

> presented; and (iv) state with specificity how the desired time would enable the nonmoving party to meet its burden in opposing summary judgment. Rule 56(d) may not be invoked based solely upon the assertion that discovery is incomplete or that the specific facts necessary to oppose summary judgment are unavailable. Rule 56(d) is not a license for a fishing expedition.

*Martinez v. Lucero*, 11-cv-1003 JB/LFG, Memorandum Opinion and Order [Doc. 41] at 29–30 (D.N.M. May 31, 2012) (unpublished) (internal brackets, citations, and quotation marks omitted).

## Analysis

Here, Defendants have raised the defense of qualified immunity, and thus, discovery has not commenced. The central issue in the instant MSJ is whether Officer Baker had reasonable suspicion to attempt to stop Plaintiff's vehicle on or around September 12, 2012. *See* [Doc. 63]. Defendants contend that Officer Baker observed a crack in Plaintiff's windshield that "obscured [her] ability to see . . . into the vehicle," which they argue amounts to reasonable suspicion. [Doc. 68] at 5–8.

Plaintiff appears to dispute that there was any crack and insists that photographs in Defendants' possession will prove him right. [Doc. 69] at 3 ("Defendants continue to place no [sic] weight on the detail of a cracked windshield[,] and discovery will reveal photos taken by the Police Department [that] will be contrary to [Officer] Baker's testimony of a cracked windshield."); *id.* at 6 ("Defendants . . . continue to withhold photos taken after the apprehension of the [vehicle] that will settle the argument of the inexplicable crack on the front windshield . . . . A large crack would be easily identified in any photos taken of the crack. In this case[,] photos reveal no such crack[,] clearly contradicting [Officer] baker's testimony of a traffic infraction.").

As to the requirements for a motion under Rule 56(d) as outlined in the *Martinez* case, I find that limited discovery is appropriate. First, Plaintiff's Response is signed under penalty of perjury, and therefore, the Court considers it as an affidavit. *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (A plaintiff's complaint is treated like an affidavit so long as it "alleges facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury."). Second, although it appears that Plaintiff has made no attempt to obtain the photographs himself, the Court takes that shortcoming with a grain of salt. Plaintiff proceeds pro se, is incarcerated, and more importantly, he points out that the photographs are in Defendants' control. *See* [Doc. 69] at 3 ("[D]iscovery will reveal photographs taken by the Police Department [that] will be contrary to [Officer] Baker's testimony of a cracked windshield."). Finally, it goes without saying that if the photographs depict his vehicle's windshield with no visible crack, or a crack too small to obscure Officer's Baker's ability to see into the vehicle, Plaintiff would have the evidence he needs to defeat summary judgment (at least as it is argued in this second MSJ). This is precisely the situation that Rule 56(d) is intended to address. I find that is appropriate to construe Plaintiff's response [Doc. 69] as requesting discovery of the photographs, as authorized by Fed. R. Civ. P. 56(d).[4]

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Response [Doc. 69] is construed as a request for limited discovery under Fed. R. Civ. P. 56(d). The request is **GRANTED**. Defendants must produce to Plaintiff and to the Court any and all

---

[4] In their Reply, Defendants do not offer the photographs or any information about the content of the photographs. *See* [Doc. 70]. Instead, they argue that Officer Baker was "never impeached regarding her testimony of the crack" during Plaintiff's criminal trial. Further, they argue that "the exclusion rule [was not] applied in that case regarding Officer Baker's stop of the vehicle." [Doc. 70] at 4. The implication is that the photographs must not be helpful to Plaintiff otherwise he would have offered them in his criminal trial. *See id.* However, implication is the most that Defendants provide. They do not attach the photographs or any admissible evidence regarding what the photographs depict. *See id.* Instead, they rely on Officer Baker's affidavits and the trial transcript. *See id.*


photographs depicting the windshield as it existed on or around September 12, 2012, no later than **July 18, 2016**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**